UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CARMEN P.,

                                        Plaintiff,

                v.

ANDREW SAUL,
Commissioner of Social Security,

                                        Defendant.
_____

DECISION AND ORDER

19-CV-1557L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

        On September 3, 2015, plaintiff, then twenty-six years old, filed applications for a period

of disability and disability insurance benefits, and supplemental security income ("SSI"), alleging

an inability to work since August 30, 2015. (Administrative Transcript, Dkt. #4 at 15). Those

applications were initially denied. The plaintiff requested a hearing, which was held on February

6, 2018, with a supplemental hearing on October 30, 2018, both before administrative law judge

("ALJ") Melissa Lin Jones. The ALJ issued an unfavorable decision on November 21, 2018,

finding plaintiff not disabled. (Dkt. #4 at 15-26). That decision became the final decision of the

Commissioner when the Appeals Council denied review on September 20, 2019. (Dkt. #4 at 1-3).

        The plaintiff has moved for remand of the matter for further administrative proceedings

(Dkt. #7), and the Commissioner has cross moved (Dkt. #9) for judgment on the pleadings,

pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, including those relating to right knee and ankle disorder, obesity and deep vein thrombosis (DVT), which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #4 at 18).

On consideration of the entire record, the ALJ found that plaintiff has the residual functional capacity ("RFC") to perform sedentary work, except that she can no more than occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, can never climb ladders, ropes or scaffolds, and must avoid extreme cold. (Dkt. #4 at 19).

When provided with this RFC as a hypothetical at the hearing (and again, when given the same hypothetical with the addition of a sit/stand option allowing for a change in position after an hour of sitting), vocational expert Michael A. Klein testified that such an individual could not return to plaintiff's past relevant work as a garment maker, but could perform the representative sedentary positions of order clerk, lens inserter, and surveillance system monitor. (Dkt. #6 at 25, 60-61). The ALJ accordingly found plaintiff not disabled. This appeal followed.

## I.      Substantial Evidence

Plaintiff argues that the ALJ erred when she declined to grant controlling weight to the only medical opinion of record, thereby creating an evidentiary gap which deprived her decision of substantial evidentiary support.

The Court disagrees. While it is well settled that an ALJ cannot arbitrarily substitute her own lay opinion for competent medical opinion evidence, an ALJ is entitled to make an RFC finding that is consistent with the record as a whole, even if it does not perfectly match a particular medical opinion. See *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (rejecting argument that ALJ had improperly substituted his medical judgment for expert opinion, because: "[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"). *See also Camille v. Colvin*, 652 F. App'x 25, 29 n. 5 (2d Cir. 2016) (affirming ALJ's findings where the ALJ used a medical opinion "as the basis for the RFC but incorporated additional limitations based on, inter alia, [plaintiff's] testimony . . . [a]n ALJ may accept parts of a doctor's opinion and reject others") (citations omitted).

Dr. Abrar Siddiqui examined plaintiff on December 7, 2015. His objective findings included normal gait, ability to walk on heels and toes, normal stance, and full range of motion and strength in all extremities. Plaintiff's squat was limited to 20 degrees due to obesity.[1] Dr. Siddiqui opined that plaintiff had no exertional or postural limitations of any kind, but should avoid respiratory irritants due to her "history of asthma." (Dkt. #4 at 542-45). The ALJ gave "limited" weight to Dr. Siddiqui's opinion, given that it was based on a one-time examination, and declined

---

[1] At the time of her examination with Dr. Siddiqui, plaintiff was morbidly obese, at 5'6½" in height and weighing 341 pounds, indicating a BMI of 54.2. Plaintiff's treatment records indicate that her weight was consistent throughout the relevant period. (Dkt. #4 at 570, 573, 594).

to include a blanket limitation concerning respiratory irritants in her RFC finding, because plaintiff had inaccurately reported to Dr. Siddiqui that she used an inhaler daily, when other records and her hearing testimony stated that her asthma is well-controlled and that she only requires an inhaler when she has a respiratory illness such as a cold. (Dkt. #4 at 24, 79).

Initially, under the circumstances presented here, the ALJ's failure to grant controlling weight to Dr. Siddiqui's opinion – the only medical opinion of record by an examining physician – did not create gap in the record. It is true that in some cases, an ALJ's rejection of the medical opinions of record can create an evidentiary gap requiring remand, particularly where an ALJ sets aside a physician's detailed objective findings in favor of her own lay interpretation of raw medical data. *See generally Williams v. Commissioner*, 366 F.Supp.3d 411, 417 (W.D.N.Y. 2019)("[w]hile in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment will be sufficient only when the record is 'clear' and contains 'some useful assessment of the claimant's limitations from a medical source'")(citations omitted). However, "Social security disability appeals are highly fact intensive, and decisions are often specific to unique circumstances in each case." *Lori M. v. Commissioner*, 2021 U.S. Dist. LEXIS 12247 at *11 n.7 (W.D.N.Y. 2021) (although it "may be true in some circumstances" that an ALJ's failure to grant significant weight to any medical opinion creates a gap in the record, "it is not always true; rather, it depends on the facts and analysis in each case").

In this case, however, the record provided a clear and consistent assessment of plaintiff's abilities and limitations, including comprehensive treatment records and a consultative examination which consisted overwhelmingly of unremarkable objective findings, as well as the opinion of a state agency reviewer concluding that plaintiff was capable of sedentary work. *See Currie v. Commissioner*, 2018 U.S. Dist. LEXIS 178591 at *11 (W.D.N.Y. 2018) ("[s]imply

4

because the ALJ afford[s] no single opinion controlling weight does not mean . . . that she substitute[s] her own expertise of the medical proof for medical opinion")(citing *Tankisi v. Commissioner*, 521 F. App'x 29, 34 (2d Cir. 2013)(where "the record contains sufficient evidence from which the ALJ can assess the petitioner's residual functional capacity," a medical opinion is not necessarily required)).

Plaintiff's treatment records included notes from examinations on approximately a monthly basis. Although plaintiff complained of right knee and ankle pain associated with weight-bearing activities, and her physicians periodically noted right ankle instability and swelling of one or both lower extremities, plaintiff consistently presented with normal gait and station, normal muscle strength, normal muscle tone, intact circulation, and no right knee instability. (Dkt. #4 at 573, 621, 624, 715, 720, 741, 789, 792, 795, 807, 880). As the ALJ correctly noted, the record "reveals no restrictions recommended by [plaintiff's] treating doctor." (Dkt. #4 at 24). Imaging studies showed right ankle osteoarthritis, for which plaintiff underwent surgery in November 2016, after which no joint abnormalities were noted. Imaging studies of her right knee were unremarkable. (Dkt. #4 at 24).

At the hearing, plaintiff stated that her ankle and knee pain and swelling made it difficult for her to sit for more than an hour at a time, and testified to daily activities that included caring for her mother who suffered from kidney failure, preparing meals, taking her mother to doctors' appointments, cooking, washing dishes, and caring for her children. (Dkt. #4 at 73-81).

The ALJ accounted for the limitations plaintiff described by confirming with the vocational expert that the three positions he had identified in response to the ALJ's hypothetical could also be performed (albeit in smaller numbers) by an individual requiring a sit/stand option. (Dkt. #4 at 61-63). Plaintiff had also reported to treatment providers that cold weather exacerbated her right

5

knee and ankle pain: the ALJ accordingly included a limitation in the RFC for avoidance of extremely cold temperatures. (Dkt. #4 at 797).

The ALJ also clearly and sufficiently explained her reasons for declining to credit the respiratory limitations that Dr. Siddiqui opined – specifically, that plaintiff's report to Dr. Siddiqui that she suffered from habitual asthma was not consistent with the record, or with her hearing testimony. Even assuming *arguendo* that the ALJ erred by failing to include avoidance of respiratory irritants in her RFC determination, such error is harmless, as the positions identified by the vocational expert do not involve exposure to respiratory irritants. *See* Dictionary of Occupational Titles 209.567-014 (order clerk); 713.687-026 (lens inserter); 279.367-010 (surveillance system monitor). *See generally Poles v. Berryhill*, 2018 U.S. Dist. LEXIS 49480 (W.D.N.Y. 2018)(RFC error is harmless where it does not impact the conclusion that the plaintiff can perform the representative positions identified by the vocational expert).

This is not a case where the ALJ ignored or rejected all of the medical opinion evidence that was helpful to the claimant, and then substituted her own lay opinion to construct a detailed RFC finding that was not adequately reconciled with the plaintiff-favorable medical evidence of record. Here, despite complete treatment and surgical records and the opinions of a consulting physician and state agency reviewer, there was simply no compelling evidence of disabling limitations for the ALJ to "reconcile" in the first place. The ALJ's obligation to cure obvious gaps in the record does not give rise to a duty to obtain additional evidence, simply because an otherwise-complete record fails to substantiate a party's disability claim. The ultimate burden to demonstrate disability lies with plaintiff. *See Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015).

I find that "[h]ere, the ALJ did not rely on her own judgement, but, rather, she carefully and thoughtfully discussed [the medical opinion evidence] and only accepted so much of [it] as

was consistent with the medical evidence overall. In that regard, the ALJ did exactly what she was supposed to do." *Michael T. v. Commissioner*, 2021 U.S. Dist. LEXIS 32641 at *29 (W.D.N.Y. 2021). The ALJ clearly articulated the reasons for the weight she assigned to Dr. Siddiqui's opinion, and her RFC determination was based on a detailed consideration of the entire record, and included common-sense limitations sufficient to account for, inter alia, plaintiff's right knee and ankle disorder, obesity and DVT. The ALJ's RFC finding was consistent with (and in many respects, provided even *greater* limitations than) the sitting, standing, walking, and climbing limitations to which plaintiff testified at the hearing, as well as with plaintiff's self-reported daily activities, the grossly normal objective findings of plaintiff's treatment providers, the opinion of Dr. Siddiqui with respect to plaintiff's exertional and postural limitations, and the opinion of state agency reviewer C. Kloepfer. (Dkt. #4 at 106-11). As such, I find that the record did not contain any obvious gaps, and that the ALJ's decision was supported by substantial evidence of record, and was not the product of legal error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not the product of reversible legal error. The Commissioner's finding that plaintiff – at the time of alleged disability onset a 26-year-old woman with a high school education and past relevant work as a garment maker – could perform a range of jobs existing in significant numbers in the national economy – is affirmed.

The plaintiff's motion for judgment on the pleadings (Dkt. #7) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 2, 2021.